UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ARCO ALUMINUM, INC.,                                                                             PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:07-CV-277-S

NOVELIS, INC., et al.,                                                       DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of the defendants Novelis Corporation and Novelis Inc., ("Defendants"), to hold the motion for summary judgment filed by the plaintiff, Arco Aluminum, Inc. ("Arco Aluminum") in abeyance (DN 15).

On January 15, 1985, Atlantic Richfield Company ("Arco") and Alcan Aluminum Limited ("Alcan"), and their affiliates, received consent to enter into a joint venture to operate an aluminum rolling business in Logan County, Kentucky (the "Logan Joint Venture"). The Logan Joint Venture was established with Arco Logan Inc. ("Arco Logan"), a subsidiary of Arco, and Alcan Aluminum Corporation ("Alcancorp"), a subsidiary of Alcan, serving as the partners in the joint venture.

On January 18, 1985, Arco Logan and Alcancorp, along with their corporate parents, Arco and Alcan, entered into a set of agreements governing the Logan Joint Venture, which included the Logan Joint Venture Agreement, Logan Management Agreement, and the Logan Stockholders Agreement ("Stockholders Agreement") (collectively, the "Joint Venture Agreements"). Arco Logan and Alcancorp also formed a management company, Logan Aluminum Inc. ("Logan

Aluminum"), to manage and operate the Logan Joint Venture. Arco Logan and Alcancorp held all of Logan Aluminum's outstanding stock.

The Logan Joint Venture Agreements contained restrictions on the disposition of Logan Aluminum stock and the controlling stock of either joint venture partner, or any direct or indirect parent of the joint venture partners, without the consent of the other partner. Specifically, Section 3.1 of the Stockholders Agreement provided:

> 3.1 Dispositions
>
> (a) Except as otherwise provided in this Article III, neither Stockholder may sell, transfer, convey, assign or otherwise dispose of or Encumber ("Dispose" or "Disposition") any of its Stock without the consent of the other Stockholder.
>
> (b) A Stockholder shall Dispose of its Stock, and may only Dispose of its Stock, in conjunction with the Diosposition of its Venture Interest under Article X of the Joint Venture Agreement.
>
> (c) Any Disposition (including a Disposition effected as a matter of law in a merger, consolidation or otherwise) in one or more transactions of capital stock possessing a majority of the voting power of either Stockholder or any direct or indirect parent (excluding Arco and Alcan) of either Stockholder shall constitute a Disposition of Stock for purposes of this Agreement and shall be governed by the provisions of this Article III. Any attempted Disposition in violation of this Article III shall be null, void, and of no effect.

In May 2004, Alcan announced its intention to spin-off a number of its businesses, including the Logan Joint Venture. Alcan and Alcancorp entered into an agreement with the plaintiff, Arco Aluminum,[1] and its corporate parent BP Corporation North America Inc. ("BP"),[2] in which Arco Aluminum and BP consented to the transaction (the "2004 Agreement"). The transaction then took

---

[1] Arco Aluminum succeeded Arco Logan and became a partner in the Logan Joint Venture prior to May 2004.

[2] BP purchased Arco becoming Arco Aluminum's corporate parent prior to May 2004.

- 2 -

- 3 -

place, and Novelis Inc. became the owner of the Alcancorp. In January 2005, Novelis Inc. expressly assumed the obligations of Alcancorp, and Alcancorp was renamed Novelis Corporation. Novelis Corporation became a subsidiary of Novelis Inc. and they are the defendants in this action.

In February 2007, Novelis Inc. entered into an agreement with Hindalco Industries, Ltd. ("Hindalco"), an affiliate of the Aditya Birla Group, based in Mumbai, India. Under the terms of the agreement, Hindalco was to purchase the outstanding common stock of Novelis Inc. (the "Hindalco Transaction"). On May 15, 2007, the Hindalco Transaction was completed. Arco Aluminum contends that neither Novelis Corporation, nor Novelis Inc., obtained its consent before entering into the Hindalco Transaction and that it notified them prior to the closing of the Hindalco Transaction that it viewed any such disposition of Novelis Inc. stock to be in violation of the Stockholders Agreement. Arco Aluminum alleges that following the Hindalco Transaction, Hindalco sought to implement its own programs and policies on Novelis Inc.

On May 24, 2007, Arco Aluminum filed this action against Defendants. Count One of Arco Aluminum's complaint requests that this court declare that Defendants breached the Stockholders Agreement, and as a result, have relinquished any right to exercise any management or control over the Logan Joint Venture.[3] On July 3, 2007, Arco Aluminum filed a motion for summary judgment with respect to Count One (DN 7). Defendants filed a motion pursuant to Federal Rule of Civil Procedure 56(f), to hold Arco Aluminum's motion for summary judgment in abeyance to allow them the opportunity to conduct discovery (DN 15). The court will grant Defendants' motion.

---

[3] Count Two of Arco Aluminum's complaint alternatively seeks specific performance under the 2004 Agreement and Count Three seeks damages and other relief as a result of Defendants' alleged breach of fiduciary duties.

- 3 -

Summary judgment is generally improper if the non-movant is not afforded a sufficient opportunity for discovery. *See Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). The non-movant bears the obligation to inform the court of his need for discovery and must file an affidavit pursuant to Rule 56(f) detailing the discovery needed. *Id.* Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

Fed. R. Civ. P. 56(f).

Arco Aluminum argues that Count One addresses the narrow issue of whether Defendants breached the Stockholders Agreement as a result of the Hindalco Transaction. According to Arco Aluminum the terms of the Stockholders Agreement are unambiguous and construction of the agreement is a question of law not requiring discovery. Defendants contest the clarity of the Stockholders Agreement and contend by affidavit that discovery is necessary to determine the intent of the original parties to the agreement.[4]

Defendants also contend by affidavit that discovery is necessary to determine a number of other issues, including whether Arco Aluminum's prior actions and positions with respect to the transfer restrictions at issue in this case preclude it from obtaining the equitable relief it requests in Count One of its complaint. Under Delaware law, which, for purposes of this motion, the parties agree is applicable, a party who seeks equitable relief must have clean hands. *See Sutter Opportunity Fund 2 LLC v. Cede & Co.*, 838 A.2d 1123, 1131 (Del Ch. 2003). Defendants allege that Arco Aluminum does not have clean hands in that it failed to seek consent from Alcancorp

---

[4] The court takes no position as to the proper construction of the Stockholders Agreement at this time.

when Arco was acquired by BP, or when Arco later transferred its own stock. Defendants also allege that the equitable relief requested would harm them and the Logan Joint Venture. Defendants contend by affidavit that discovery is necessary to adduce evidence to support these allegations and that this information is not within their custody or control.

The court finds that Defendants have sufficiently met their obligation under Rule 56(f). Moreover, in light of the fact that no discovery whatsoever has been obtained in this action, the court finds that determination of the issues presented in the summary judgment motion would be premature. Accordingly, we will grant the Defendants' motion.

Arco Aluminum expresses concern that it has been forced into business with a joint venture partner controlled by a third party with whom it never consented to do business. It argues that prompt resolution of its motion for summary judgment is necessary insomuch as the Hindalco Transaction has dramatically impacted its business and subjected it to the possibility of suffering substantial losses. Defendants, however, have agreed to maintain the status quo at Logan Aluminum by cooperating with Arco Aluminum to ensure that existing management policies, senior management personnel, production scheduling procedures, methods of production, and productivity will not be materially altered without mutual consent. The court finds this protection sufficient to address Arco Aluminum's concerns.

A separate order will be entered herein this date in accordance with this opinion.